UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN WHITING, and ARD PROPERITIES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-54-TRM-DCP |
| | ) | |
| CHRIS TREW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on May 21, 2020, over discovery disputes. Attorney Van Irion appeared on behalf of Plaintiffs. Attorney Dan Pilkington appeared on behalf of Defendants. Specifically, Plaintiffs subpoenaed Defendant Chris Trew's deposition for June 3, 2020. Defendants argue that Plaintiffs possess a recorded conversation (hereinafter, the "Recording") between Plaintiff Glenn Whiting ("Whiting") and Defendant Trew, which Plaintiffs refuse to produce. Defendants request that the Recording be produced prior to any depositions.

During the telephonic hearing, Plaintiffs acknowledged that they listed the Recording in their initial disclosures. Plaintiffs argued, however, that the Recording was on Plaintiff Whiting's cell phone and that Plaintiff Whiting gave his cell phone to his brother who lives in Florida.[1] Thus, Plaintiffs argued that Plaintiff Whiting no longer has possession of the Recording. Plaintiffs'

---

[1] The Court notes that Defendants also issued a subpoena to Plaintiff's brother, Randy Whiting, for the Recording. On May 20, 2020, the day before telephonic conference, Attorney Irion filed a Motion to Quash [Doc. 14] on behalf of Randy Whiting.

counsel stated he was not sure when Plaintiff Whiting gave the cell phone containing the Recording to his brother, and further stated that he had not listened to the Recording prior to filing Plaintiffs' initial disclosures.

Given that the Recording was specifically listed in Plaintiffs' initial disclosures and discussed in the Complaint, *see* [Doc. 1 at ¶ 38], the Court instructed Plaintiffs' counsel to confer with Plaintiff Whiting with respect to the whereabouts of the Recording. Specifically, the Court instructed Plaintiffs' counsel to make every effort to obtain the Recording and listen to it prior to the next status conference. The Court set another telephonic status conference for **May 27, 2020, at 2:00 p.m.** At that time, Plaintiffs' counsel **SHALL** update the Court on the status of the Recording, Plaintiffs' counsel's efforts to obtain the Recording, and whether Plaintiffs need to amend their initial disclosures. In addition, the Court will address the June 3 deposition of Defendant Trew at the next status conference.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge