UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN WHITING, and ARD PROPERTIES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-54-TRM-DCP |
| | ) | |
| CHRIS TREW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Joint Status Report [Doc. 114]. By way of background, on June 30, 2021, the Court entered a Memorandum and Order [Doc. 112] on various discovery disputes, including Defendants' request for Plaintiff ARD Properties' financial information and tax returns. The Court noted that Defendants served overly broad discovery requests and Plaintiffs' responses thereto were improper, both of which created a number of issues. *See* [Doc. 112]. The Court ordered the parties to meet and confer in light of the Court's Memorandum and Order and to file a status report explaining the results of their meeting.

In the Joint Status Report [Doc. 114], the parties dispute the relevancy of Plaintiff ARD Properties' financial information and tax returns. In Plaintiffs' Position Statement [Doc. 115], they explain that Plaintiff ARD Properties' legal name is ARD Property Management and that the only damages ARD Property Management seeks are the damages equal to the cost to repair the

Pope Avenue Building after resolution of the lawsuit, minus the costs that would have been incurred by Plaintiffs had the Pope Avenue Building been repaired on September 14, 2019.

Defendants claim that Plaintiff ARD Properties/ARD Property Management's financial information and tax returns are still relevant to the mitigation of damages, arguing that Plaintiffs had a duty to mitigate their damages by undertaking the repairs in September 2019. In light of the Court's previous Memorandum and Order, Defendants served Plaintiffs with a set of narrowly tailored discovery requests seeking the financial information of ARD Properties/ARD Property Management. Specifically, Defendants request the following:

> Request 1: Any documents in your possession, custody, and/or control, including documents that are readily available to you by online retrieval, reflecting, referencing, and/or identifying ARD Properties' income for August 2019 through October of 2019.
>
> Request 2: Any documents in your possession, custody and/or control, including documents that are readily available to you by online retrieval, reflecting, referencing, and/or identifying ARD Properties' bank or other financial statements for August of 2019 through October of 2019, or any other savings or readily available monies or funds.

[Doc. 121-1].

The Court previously explained the scope of discovery under Federal Rule of Civil Procedure 26 in its Memorandum and Order [Doc. 112], and therefore, will not repeat it herein. The Court has considered the parties' positions, and the Court finds that the above discovery is relevant to the mitigation of damages and is narrowly tailored for that specific purpose. The Court further finds Plaintiffs' alternative requests (i.e., Plaintiff ARD Properties' financial information remain confidential and that Defendants be prohibited from using the financial information for other purposes than the instant litigation) are reasonable. Accordingly, the Court **ORDERS** Plaintiffs to submit a proposed protective order with respect to the financial information of Plaintiff

ARD Properties/ARD Property Management for the Court's review within **seven (7) days.** The Court further **ORDERS** Plaintiffs to respond to the above discovery within **fourteen (14) days**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge