UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN WHITING, | ) | |
| *Plaintiff*, | ) ) ) | Case No. 3:20-cv-54 |
| v. | ) ) | Judge Travis R. McDonough |
| CITY OF ATHENS, TENNESSEE, | ) ) | Magistrate Judge Debra C. Poplin |
| *Defendant*. | ) ) ) | |

**ORDER**

Before the Court are Plaintiff's motions for sanctions (Docs. 94, 95, 105, 107, 160), Plaintiff and third-party Marie Gasser's objection to the Magistrate Judge's order denying in-camera review (Doc. 161), Plaintiff's motions to exclude and motion in limine (Docs. 141, 142, 143, 144, 168), and Defendant's motion in limine (Doc. 169). In this case, Plaintiff Glenn Whiting asserts a First Amendment retaliation claim against Defendant City of Athens, Tennessee ("City") based on Plaintiff's criticisms of the City government and the City's subsequent condemnation of the structure at 213 Pope Avenue, Athens, Tennessee, ("the Pope Avenue building"). (*See* Doc. 159.) On December 28, 2021, the Court conducted a final pretrial conference. Based on the parties' briefs and arguments made during the final pretrial conference, the Court rules as follows:

I. **PLAINTIFF'S MOTIONS FOR SANCTIONS**

Plaintiff's motions for sanctions for witness intimidation (Doc. 94), additional willful withholding of evidence (Doc. 105), yet another example of withholding evidence (Doc. 107), and Plaintiff's motion for leave to supplement Plaintiff's motion for sanctions for witness

intimidation (Doc. 160) are **DENIED**. As discussed at the final pretrial conference, Plaintiff has not presented sufficient evidence to justify sanctions against Defendant in these matters. To the extent that these motions challenge the admissibility of the evidence at issue under the Federal Rules of Evidence, the Court will entertain objections regarding those evidentiary issues as they arise at trial.

Plaintiff's motion for sanctions for spoliation of evidence (Doc. 95) is also **DENIED**, for the reasons discussed at the final pretrial conference.

## II. PLAINTIFF'S MOTIONS TO EXCLUDE (Docs. 141–144) AND MOTION IN LIMINE (Doc. 168)

For the reasons given at the final pretrial conference, Plaintiff's motions to exclude (Doc. 141–144) are **DENIED**. Plaintiff's motion in limine (Doc. 168) was based on Plaintiff's concerns that photos in the record would not be authenticated because Defendant had not disclosed who took the photos. Defendant stated that it plans to properly authenticate all of the photos by calling the individuals who took the photos as witnesses. Therefore, Plaintiff's motion in limine (Doc. 168) is also **DENIED**, but the Court will entertain objections at trial if the Plaintiff finds that Defendant does not, ultimately, properly authenticate the photos.

## III. DEFENDANT'S MOTION IN LIMINE (Doc. 169)

Defendant's motion in limine consists of ten subparts. (Doc. 169.) Plaintiff does not oppose Sections Six, Eight, and Ten of Defendant's motion in limine—which seek to exclude previously undisclosed witnesses, references to the September 4, 2019 inspection as "illegal," and Plaintiff's opinion evidence on the property values and repair costs, respectively—so the motion (Doc. 169) is **GRANTED** as to those sections. The parties agreed that Section Seven of the Defendant's motion, which seeks to exclude any depositions obtained in other cases brought

2

by Plaintiff, is moot because there are no such depositions, so that section is **DENIED AS MOOT.**

A. Section One: Any Reference to the Evidence of Glenn Whiting as a Trustee of ARD Property Management

Defendant moves to exclude any reference to or testimony regarding Plaintiff Glenn Whiting as a "trustee" of ARD Property Management. (Doc. 169, at 2–3.) Defendant contends that Plaintiff is not, as a matter of law, a trustee of ARD Property Management. (*Id.*) The recorded owner of the Pope Avenue property, former Plaintiff ARD Property Management ("the Trust"), is a common-law irrevocable trust, created for the purposes of holding commercial real estate. (Doc. 86 at 186–201.) The Trust documents identify Donald Ammerman, Carol Ammerman, and Connie Ammerman as trustees. (*Id.* at 186–95.) Glenn Whiting is Connie Ammerman's husband and Donald and Carol Ammerman's son-in-law. (Doc. 149, at 87.) Carol Ammerman passed away in 2015, and the parties represented at the final pretrial conference that Donald Ammerman has just recently passed away. (*Id.*) The Trust documents also list Glenn Whiting as a potential successor trustee in the event of the death of the first or second trustee—Donald or Carol Ammerman. (*Id.* at 189.) The Trust documents state:

> [T]he Board of Trustees for ARD Property Management hereby nominates the following named Successor Trustees to take the place of the following named Trustees in the event that the Board of ARD Property Management desires to fill the vacancy so created, rather than to reduce the number of Trustees on the Board of ARD Property Management. . . .
>
> [Glenn Whiting is nominated.]
>
> Any such death, resignation, or removal from office of any Trustee shall immediately be noted in the Minutes of this REIT, along with the decision of the Board of Trustees of ARD Property Management to either fill the vacancy so create, or to reduce the number of Trustees. Should the Board of Trustees of ARD Property Management vote to fill such vacancy, the Successor Trustee shall be immediately notified by Certified Mail [Return Receipt/Delivery

> Confirmation] or Private Courier, of their conditional appointment to the Board of Trustees of ARD Property Management as Trustee. . . .
>
> The Board of Trustees of ARD Property Management may, in its discretion, by appropriate Minute, allow for the pre-acceptance of the position of Trustee by any Successor Trustee. The effect of any such pre-acceptance shall at all time be to make the appointment of such Successor Trustee automatic upon receipt by such Successor Trustee of written notice of the death, resignation, or removal from office of the Trustee they are named to succeed. No further action of the Board of Trustees of ARD Property Management shall at any time be necessary to enable such Trustee to exercise full powers of Trustee of ARD Property Management. An appropriate Minute, however, shall be made reflecting that such has taken place as soon thereafter as conveniently possible.

(*Id.* at 189.)

Whiting avers that he has served as a trustee for ARD Property Management since the time Carol Ammerman passed away. (Doc. 149, at 2.) Connie Ammerman also avers that Whiting is, and was at all time relevant to his claims, a beneficiary of the Trust. (Doc. 149, at 64.) No documents were produced in discovery evidencing Whiting's appointment to trustee upon the death of Carol Ammerman. However, just because no minutes or documents were produced demonstrating that Whiting was appointed as a trustee does not mean that such an appointment did not, in fact, happen. There is an issue of fact as to whether the Board of Trustees allowed for Whiting's pre-acceptance as a successor trustee under the terms of the trust instrument, in which case, Whiting would have automatically become a trustee upon notification of Carol Ammerman's death, consistent with his averments. (*See* Doc. 86, at 189; Doc. 149, at 2, 64.) While Whiting's evidence that he is a trustee may be weakened by the lack of formal documentation, whether Whiting was appointed to be a trustee of ARD Property Management under the terms of the trust instrument is nonetheless an issue of fact for the jury to decide. Accordingly, the Court will **DENY** this section Defendant's motion in limine (Doc. 169, at 2–3).

4

## B. Section Two: Evidence of Subsequent Acts

Defendant moves to exclude evidence of all alleged acts by the City and City officials that occurred after the time relevant to Plaintiff's complaint. (*Id.* at 4.) The Court found in its order on Defendant's motion for summary judgment that subsequent acts can be relevant to establish municipal liability. (Doc. 178, at 15–16, n.5.) Therefore, the Court denied the motion to the extent it relied on the legal argument that subsequent acts cannot serve as evidence to establish municipal liability. (*Id.*) At the final pretrial conference, the Court asked the parties to present arguments on other reasons the contested subsequent-act evidence might be inadmissible, principally, for low probative value and high risk of unfair prejudice. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.")

Rather than broadly exclude evidence of any subsequent acts, the Court will **DENY** this section of Defendant's motion in limine. However, the Court still has serious concerns over the admissibility under Rule 403 of much of this evidence and will entertain objections to it at trial. The Court cautions the parties that the trial is about whether the City retaliated against Glenn Whiting for engaging in protected speech by condemning the Pope Avenue building, and not about all of the disputes Whiting and other individuals have ever had with the City's municipal government, and the Court will not waste time at trial on such ancillary matters.

## C. Section Three: Photos of Other Buildings

Defendant seek to exclude photos of other buildings in Athens, Tennessee, that Plaintiff seeks to introduce as evidence that other buildings in the City were in similar or worse states of disrepair but were not subject to condemnation and/or demolition. Defendant argued this

5

Case 3:20-cv-00054-TRM-DCP   Document 184   Filed 01/03/22   Page 5 of 8   PageID #: 3270

evidence is not relevant because the standard for condemnation does not measure building in relation to other buildings in the area. (Doc. 169, at 12.) As discussed at the final pretrial conference and in the Court's order on Defendant's motion for summary judgment, there is a question of law as to whether the Supreme Court's decision in *Nieves v. Bartlett*, 139 S.Ct. 1715, 1727 (2019), applies in this case regarding a retaliatory condemnation proceeding, when the reasoning in *Nieves* was based on a retaliatory *arrest*. (*See* Doc, 178, at 24.) The Court finds that the doctrine announced in *Nieves* applies with equal force in this case as retaliatory-arrest cases and will instruct the jury as such. Accordingly, probable cause will defeat the claim of retaliatory condemnation unless the City typically exercises its discretion not to enforce or pursue condemnation and demolition. *See Nieves*, 139 S. Ct. at 1727.

While the photos of other buildings may not be relevant to the City's standard for condemnation, they are relevant to the question of whether the *Nieves* exception applies, namely, whether the condemnation was of the sort that the City typically exercises its discretion *not* to enforce. Therefore, the Court will **DENY** this section of Defendant's motion in limine. (Doc. 169, at 11–13.)

    **D.**    **Section Four: Evidence Regarding Any Subject or Line of Questioning to which Plaintiff "Pled the Fifth"**

Defendant moved to exclude any evidence or testimony regarding any subject or line of questioning that Plaintiff "pled the Fifth" about in his deposition, including his sources of income, any tax liabilities he has, his employment history, and information concerning Liberty Property Services. (*Id.* at 13–14.) At the final pretrial conference, counsel represented that Plaintiff agreed that the matters of primary concern to Defendant will probably not be relevant, and counsel will not elicit testimony on them. The parties agreed, however, that should any of these matters become relevant, rather than exclude them on a motion in limine, the Court will

6

Case 3:20-cv-00054-TRM-DCP   Document 184   Filed 01/03/22   Page 6 of 8   PageID #: 3271

entertain a sidebar to discuss and determine any objections to their admissibility. Accordingly, this section of the motion (*id.* at 13–14) is **DENIED.**

E. **Section Five: Evidence or Testimony Regarding Proof of Damages**

Defendant moved to exclude any evidence regarding proof of Plaintiff's damages because Plaintiff is not a trustee of ARD Property Management and so cannot recover damages on its behalf. As the Court found in Section III.A., *supra*, there is a question of fact as to whether Plaintiff is a trustee. Accordingly, this section of the motion (*id.* at 14–17) is **DENIED**.

F. **Section Nine: Character Evidence Regarding Seth Sumner and Chris Trew**

Defendant moved to exclude any character evidence related to the character of Sumner and Trew offered to prove that they retaliated against Plaintiff. (*Id.* at 22–23.) Federal Rule of Evidence 404 provides that, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, Rule 608 provides that, "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a).

At this point, it appears that Plaintiff intends to introduce character evidence for the inadmissible purpose to show propensity to act in accordance with the trait, i.e., that Sumner and Trew have a propensity to retaliate against those with whom they disagree. However, counsel for Plaintiff asserted that he only intends to introduce character evidence for the admissible purpose of attacking credibility with evidence of character for untruthfulness. Therefore, the admissibility analysis depends on the testimony Plaintiff's counsel elicits and evidence he presents at trial.

7

Accordingly, the Court **RESERVES RULING** on this section of the Defendant's motion in limine (Doc. 169, at 23) until the purposes for which Plaintiff seeks to use character evidence are ascertainable.

### IV. PLAINTIFF AND THIRD-PARTY MARIE GASSER'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING IN-CAMERA REVIEW (Doc. 161)

Marie Gasser is Plaintiff's sister, and she filed an affidavit stating that she was able and willing to provide the funds to repair the Pope Avenue building at the time it was condemned. (Doc. 77-3.) Defendant served subpoenas on Gasser requesting certain financial documents as evidence of the claim. (Doc. 130-2.) Gasser moved for a protective order for in-camera review of the financial documents. (Doc. 130.) U.S. Magistrate Judge Debra C. Poplin denied Gasser's motion and ordered her to disclose the documents. Gasser did not comply with the order; instead, she and Plaintiff filed an objection to it. (Doc. 161.) At the final pretrial conference, counsel for Defendant clarified that the scope of the financial documents it seeks from Marie Gasser is much more limited than what Plaintiff and Gasser believed Defendant was requesting. Counsel for Plaintiff agreed to disclose the more limited documents. Accordingly, Plaintiff and Third Party Marie Gasser's objection is **DENIED**.

### V. PUNITIVE DAMAGES

Per the discussion at the final pretrial conference, Plaintiff also **ORDERED** to stipulate by Wednesday, January 5, 2022, whether he will seek punitive damages, and, if so, the legal basis on which that claim rests.

**SO ORDERED**.

/s/ *Travis R. McDonough*
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE