**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| GLENN WHITING, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:20-cv-54 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| CITY OF ATHENS, TENNESSEE, | ) | Magistrate Judge Debra C. Poplin |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

---

**FINAL PRETRIAL ORDER**

---

This Court conducted a Final Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on December 28, 2021. Van R. Irion appeared as counsel for Plaintiff and Dan R. Pilkington and Emily Taylor appeared as counsel for Defendant. The following action was taken:

**I. JURISDICTION**

This case is brought pursuant to 42 U.S.C. § 1983 and the First Amendment to the United States Constitution. Jurisdiction of the Court is involved pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988. The jurisdiction of the Court is not disputed.

**II. PLEADINGS**

The pleadings are amended to conform to this pretrial order.

**III. GENERAL NATURE OF THE CLAIMS OF THE PARTIES:**

a. **Claims**: The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

i. First Amendment Retaliation; and

ii. Declaratory and Injunctive relief pursuant to Tenn. Code Ann. § 29-14-100 *et seq.,* and 28 U.S.C. §§ 2201 *et seq.*

b. **Stipulated Facts:** The following facts are uncontroverted:

1. Venue is proper.
2. Plaintiff Glenn Whiting is an adult citizen and resident of the State of Tennessee, currently residing in McMinn County.
3. Defendant City of Athens is a local government political subdivision of the State of Tennessee.
4. Defendant Chris Trew is an adult individual, currently residing in McMinn County.
5. Defendant Seth Sumner is an adult individual, currently residing in the City of Athens.
6. On May 21, 2019, City of Athens Codes Enforcement Officer Matthew Gravely issued a Notice of Violation regarding the property located at 213 Pope Avenue.
7. The May 21, 2019 Notice of Violation was served on ARD Property Management.
8. On or about August 2, 2019, a Notice of Hearing regarding the property located at 213 Pope Avenue was served on ARD Property Management.
9. A condemnation hearing was held on August 30, 2019 regarding the May 21, 2019 Notice of Violation served on ARD Property Management.
10. On September 25, 2019, an Order was entered deeming the property

located at 213 Pope Avenue unsafe, unsanitary, and dangerous and unfit for human habitation, or use in general.

11. No one from ARD Property Management attended the August 30, 2019 condemnation hearing.

12. In October of 2019, Glenn Whiting painted a sign on a building located on Jackson Street in Athens, Tennessee.

c. **Plaintiff's Theory:**

Plaintiff alleges that Defendant first threatened and then took adverse actions against him for expressing constitutionally protected speech in violation of the First Amendment to the United States Constitution. The adverse actions taken would not have been taken in the absence of Plaintiff's protected speech. The adverse actions were sufficient to prevent a reasonable person from continuing in the protected speech. The adverse actions were taken by an agent of Defendant City of Athens with authority to set policy for the defendant City. Therefore, the adverse actions were taken pursuant to policy of the defendant City. The actions of City Manager Seth Sumner and City Attorney Chris Trew were motivated by personal malice against Mr. Whiting, due to Whiting's statements regarding issues of public concern. The claims are proceeding based upon 42 U.S.C. § 1983. Plaintiff seeks actual damages, nominal damages (in the alternative to actual damages), attorney's fees pursuant to 42 U.S.C. § 1988, court costs, and discretionary costs. Plaintiff also seeks injunctive and declaratory relief.

d. **Defendant's Theory:**

Defendant City of Athens (the "City") denies each and every claim raised by Plaintiff Glenn Whiting. The Order to demolish the building located at 213 Pope Avenue was

reasonable and supported by the evidence presented to the City. In the alternative, the City is entitled to prosecutorial and/or judicial immunity.

This lawsuit arises out of the condemnation of a dilapidated warehouse located at 213 Pope Avenue (the "Pope Avenue Building") and owned by a trust, ARD Property Management. Plaintiff Glenn Whiting is not a trustee of ARD Property Management. Glenn Whiting's wife, Connie Ammerman, is a trustee of ARD Properties. For several years, the City received numerous complaints about the building located at 213 Pope Avenue Building. Multiple codes enforcement officers visited the building and issued notices of violation of the City's ordinance between 2015 and 2019.

In response to citizen complaints, Codes Enforcement Officer Matthew Gravely inspected the property in May 2019, resulting in a notice of violation on May 21, 2019. The notice of violation alleged that the building was unfit for human occupation and use. The notice ultimately resulted in a hearing on August 30, 2019, to determine whether the building was unfit for occupation and whether it should be condemned. The Pope Avenue Building was one of eleven structures set for hearing on August 30. Athens City Attorney Chris Trew prosecuted the citations for the City, and C. Seth Sumner presided as the administrative hearing officer. No representatives of ARD Property Management or any other individual appeared at the hearing to contest the condemnation of the Pope Avenue Building, and the property was ordered unfit for occupation and set to be demolished. The Order was entered on September 25, 2019, and signed by the administrative hearing officer. The undisputed evidence presented at the August 30, 2019 hearing warranted the order of condemnation. It is denied that the condemnation of the Pope Avenue Property was taken

for any improper motive or in retaliation for any conduct or speech of Plaintiff Glenn Whiting.

A municipal government may be liable under 42 U.S.C. § 1983 only if a plaintiff can demonstrate that his or her civil rights were violated as a direct result of a municipality's policy or custom. A plaintiff must show not only "but-for" causation between a custom and a violation, but "proximate" causation. The City of Athens can only be liable to the Plaintiff for its own unconstitutional or illegal policies or customs. Even if the jury decides that an agent or employee of the City engaged in improper or unconstitutional conduct, the City of Athens is not responsible or liable for the actions of its employees simply because it employed them.

## IV. CONTESTED ISSUES OF LAW

The following issues are contested at this time:

1. Whether Plaintiff can recover damages apart from nominal damages, discretionary costs, and attorney fees.
2. The issue of causation and burdens of proof for First Amendment retaliation.
3. Whether entry of the order of condemnation by C. Seth Sumner constitutes an official policy of the City for purposes of *Monell* liability or whether the Plaintiffs must put on proof of a specific custom, policy, or practice.

## V. EXHIBITS

The parties have disclosed all exhibits in accordance with Fed. R. Civ. P. 26(a)(3)(C). All exhibits to be introduced have been pre-marked in such a way as to allow the Court to determine which party is offering them. The parties have prepared a joint list of exhibits. The parties have endeavored to stipulate to the admissibility of all exhibits to the extent possible.

The parties attached a joint exhibit list identifying those exhibits that are stipulated to for purposes of authenticity and/or admissibility and those that are disputed (Doc. 181-1). By stipulating to the admissibility of any exhibit the parties did not waive any arguments raised in then-pending motions to exclude or motions in limine.

## VI. WITNESSES

The parties have disclosed all witnessed in accordance with Fed. R. Civ. P. 26(a)(3)(A). A list comprised of the names of all witnesses in the parties Final Witness Lists is as follows. This list includes both witnesses identified as likely to be called and those who may be called.

a. **For Plaintiff(s):**

1. Glenn Whiting
2. James Efaw
3. Keith Price
4. Dr. Dick Pelly
5. Joe Coker
6. Austin Fesmire
7. Chris Trew
8. Seth Sumner
9. Matthew Gravely
10. Gene McConkey
11. Gail Petit
12. Cliff Couch
13. Melanie Miller
14. Larry Eaton

15. Brenda Lowe
16. Bridge Wilhite
17. Mike Keith
18. James Gallup
19. Anthony Casteel
20. Jeff Price
21. Jeff Webb
22. Bo Perkins
23. Chuck Burris
24. Larry Wallace
25. Evan Walden
26. Mark Lockmiller
27. Any witnesses identified and/or called to testify on behalf of the Plaintiff who were not objected to by the Defendants.
28. Any necessary rebuttal witnesses.

b. **For Defendant(s):**

1. Glenn Whiting
2. Trustees of ARD Property Management
3. Chris Trew
4. Seth Sumner
5. Connie Ammerman
6. Donald Ammerman
7. Matthew Gravely

8. Leslie Sellers
9. Anthony Casteel
10. James Efaw
11. David Simmons
12. Gene McConkey
13. Gayle Pettit
14. Jerry Brown
15. David Leadford
16. Detective Gary Miller
17. Chief of Police Couch
18. Lt. Steven Thomas
19. Austin Fesmire
20. James Gallop
21. Randy Whiting
22. Office Allen Reed
23. Melissa Ramey
24. Danny Gable
25. Nora Cardin
26. Gary Hamby
27. Sandra Burke
28. Dick Pelly
29. David Simmons
30. Mayor Chuck Burris

31. Citizens who complained re: 213 Pope Ave.

32. Records Custodian- The Big Belly Deli

33. Records Custodian - Title Insurance Company of Athens

34. Records Custodian- Mortgage Investors Group

35. Any witnesses identified and/or called to testify on behalf of the Plaintiff who were not objected to by the Defendants.

36. Any necessary rebuttal witnesses.

## VII. OTHER MATTERS

a. **Trial:** This case is set for trial before the undersigned and a jury at 9:00 a.m. on January 10, 2022. Counsel shall be present on the first day before commencement of trial to take up any preliminary matters. The probable length of trial is 5–10 days, although the Court recognizes that the length could change. The parties should be prepared for trial on the scheduled date. If this case is not heard immediately, it will be held in line until the Court's schedule allows the trial to begin.

b. **Possibility of Settlement:** The possibility of settlement is poor at present.

This Final Pretrial Order shall supplant the pleadings and is agreed upon by the parties as of the date submitted. Fed. R. Civ. P. 16; *see United States v. Hougham,* 364 U.S. 310, 315 (1960); *see also Ricker v. Am. Zinser Corp.,* 506 F. Supp. 1 (E.D. Tenn. Sept. 11, 1978), *aff'd*, 633 F.2d 218 (6th Cir. 1980).

**SO ORDERED.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**